Filed 8/19/21  P. v. King CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SABRINA OCTAVIA KING,<br><br>    Defendant and Appellant. | B308568<br><br>(Los Angeles County<br>Super. Ct. No. GA084339) |

APPEAL from an order of the Superior Court of Los Angeles County, Darrell Mavis, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stacy Schwartz and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Sabrina King appeals from the trial court's denial of her petition for resentencing under Penal Code section 1170.95.[1] She argues the trial court erred in (1) concluding that section 1170.95 does not apply to manslaughter convictions, and (2) not appointing counsel for her. We agree with a long line of cases that hold only defendants convicted of murder are eligible for relief under section 1170.95. Because appellant's manslaughter conviction appears on the face of her petition, the trial court correctly denied it. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, appellant pled no contest to voluntary manslaughter and robbery, and admitted a gang enhancement allegation. The trial court sentenced her to 21 years in prison.

In 2019, she petitioned for resentencing under section 1170.95. The trial court summarily denied the petition without appointing counsel or receiving any additional briefing. On September 8, 2020, appellant filed a second petition for resentencing. The court again summarily denied relief, concluding that section 1170.95 "does not apply to defendants convicted of voluntary manslaughter, including through a guilty plea."

Appellant timely appealed.

## DISCUSSION

1. **Appellant is Not Eligible for Resentencing**

   a. *Section 1170.95 does not apply to manslaughter convictions*

The trial court's ruling that section 1170.95 does not apply to manslaughter is consistent with a series of Court of Appeal

---

[1] All further statutory references are to the Penal Code.

decisions to that effect. (See *People v. Harris* (2021) 60 Cal.App.5th 557, 565–569 (*Harris*); *People v. Paige* (2020) 51 Cal.App.5th 194, 200–204 (*Paige*); *People v. Sanchez* (2020), 48 Cal.App.5th 914, 917–920 (*Sanchez*); *People v. Turner* (2020) 45 Cal.App.5th 428, 434–438 (*Turner*); *People v. Flores* (2020) 44 Cal.App.5th 985, 992–997 (*Flores*); *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*).) Appellant cites no contrary authority, and we are aware of none.

We agree with our sister courts that "the language of the statute unequivocally applies to murder convictions. There is no reference to the crime of voluntary manslaughter. To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction. The plain language of the statute is explicit; its scope is limited to murder convictions. [Citation.] [¶] . . . The plain reading of the statute is consistent with the legislative goal of Senate Bill No. 1437 (2017–2018 Reg. Sess.). That bill was enacted to correct the unfairness of the felony murder rule so that murder convictions could be vacated by filing section 1170.95 petitions. [Citations.] The felony murder rule, however, is not applicable to the crime of voluntary manslaughter." (*Cervantes*, *supra*, at p. 887.)

Appellant counters that she was initially charged with murder but pled guilty to manslaughter. She argues eligibility for resentencing under subdivision (a)(2) of the statute because she "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder." We agree with the *Flores*, *Turner*, *Paige*, *Sanchez* and *Harris* courts, all of which correctly rejected this argument. A manslaughter plea, even one entered when defendant was originally charged with murder, does not fall within section 1170.95.

3

*b.  The exclusion of manslaughter from section 1170.95*
  *eligibility does not violate equal protection or due process*

Appellant argues that to deny her relief violates her constitutional rights to equal protection and due process. Appellate authority is to the contrary.  "[V]oluntary manslaughter, [is] a different crime from murder, [and] carries a different punishment.  Normally 'offenders who commit different crimes are not similarly situated' for equal protection purposes. [Citation.]  '[O]nly those persons who are similarly situated are protected from invidiously disparate treatment.'  [Citation.]" (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888; see also *Harris*, *supra*, 60 Cal.App.5th at pp. 569–571; *Paige*, *supra*, 51 Cal.App.5th at pp. 205–206; *Sanchez, supra*, 48 Cal.App.5th at pp. 920–921.)  Nor does such an exclusion violate the right to due process.  (*Cervantes*, *supra*, 44 Cal.App.5th at p. 889.)

**2.  Appointment of Counsel**

Appellant next contends the trial court erred by summarily denying her petition without first appointing counsel under section 1170.95, subdivision (c).  We reject that argument under the holding of our Supreme Court in *People v. Lewis* (July 26, 2021, S260598) ___ Cal.5th ___ [2021 WL 3137434] (*Lewis*). "[W]e conclude that the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'  (§ 1170.95, subd. (c).)"  (*Id.* at p. __ [2021 WL 3137434, p. *1].)  Here, appellant did not file

"a facially sufficient petition" under section 1170.95, subdivision (a). Her petition on its face stated that she was convicted not of murder but of manslaughter. Under *Lewis* she was not entitled to the appointment of counsel.[2]

Even if we have read the Supreme Court's opinion too broadly, *Lewis* also holds that an appellate court reviews the denial of counsel for harmless error under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra*, __ Cal.5th __ [2021 WL 3137434, p.*12].) Appellant "must therefore 'demonstrate there is a reasonable probability that in the absence of the error [s]he . . . would have obtained a more favorable result.' More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*; citations omitted].)

Here, any error was harmless. Even if we were to construe the petition as facially valid and that counsel should have been appointed, the trial court would have summarily denied relief without the issuance of an order to show cause because appellant

---

[2] *Lewis* held that section 1170.95 requires only a single prima facie review of the petition, not two as some courts of appeal had held. (*Lewis, supra*, __ Cal.5th __ at p. __ [2021 WL 3137434, p.*4].) But the Court explained that its holding does not restrict the trial court's ability to weed out facially deficient petitions before counsel is appointed. "[N]oncomplying petitions may be quickly screened out under subdivision (b)(2) of section 1170.95." (*Id.* at p.__ [2021 WL 3137434, p.*8].)

admitted she was convicted after plea of manslaughter.  She was, thus, ineligible for resentencing.

### *DISPOSITION*
The order is affirmed.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.